MARIA MESSINA, Plaintiff-Appellee, *v.* BERT ZODY, Defendant-Appellant.

(No. 57040;

First District (3rd Division)—July 12, 1973.

Frederic O. Floberg, of Chicago, for appellant.

James J. Kenny, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Maria Messina, brought this action in the circuit court of Cook County against defendant, Bert Zody, a Chicago Transit Authority bus driver, for personal injuries arising when she fell while alighting from a C.T.A. bus. After a trial without a jury, the court entered judgment for plaintiff and assessed damages at $4,500. Defendant appeals from the judgment. Prior to trial, the C.T.A. was dismissed as a defendant because of plaintiff's failure to serve a required notice. The propriety of that dismissal order is not involved in this appeal.

On September 11, 1967, plaintiff fell as she alighted from the front doorway of a bus at the intersection of Grand and Austin Avenues in the City of Chicago. She was taken from the scene by the police to Saint Anne's Hospital.

At trial plaintiff testified through an interpreter that she had one foot on the bottom step of the bus doorway and was about to place her other foot on the ground when the bus pulled away, throwing her to the ground. Her testimony as to the occurrence was supported by a dis-

interested witness, James Rubino. Rubino owned a restaurant at the intersection and was looking out the window at the time. Rubino also testified that when plaintiff was thrown to the ground she landed on her face and rolled over. It was Rubino who wrote down the bus number and called the police.

Defendant testified that he operated a bus on Grand Avenue on the day in question, but that he was unaware of any accident having taken place. His superior asked him about the incident on the following day.

Plaintiff testified that she sustained injuries to her head, side, back, ribs and stomach. She came under the care of Doctor Devonch at the hospital. She had pain in various parts of her body, particularly in the left ribs, chest, back and stomach. She was in the hospital 18 days, returned to the hospital on November 26, 1967, and remained there until December 21. She returned to the hospital because of a deep pain in her stomach and because of her inability to have a bowel movement. She also testified that during her second hospitalization she came under the care of Doctor Giganti. He prescribed the use of a corset which she wore for four years. She still had pain in her stomach at the time of trial. Prior to this accident, she did not have stomach pain. She had an appendectomy in 1964. When she arrived from Italy in 1961, she worked in the kitchen at Columbus Hospital. Plaintiff did not remember whether she had an accident at the Columbus Hospital in October, 1962. Plaintiff further testified that she worked at the Palmer House from 1964 until the present accident.

Gary Pruitt, personnel director for the Palmer House, testified for plaintiff. Plaintiff was employed at the Palmer House at the time of the accident. After obtaining a leave of absence, she never returned to work. The work records indicated that she had requested a month's leave of absence for illness two years prior to the instant accident.

Doctor James J. Giganti testified for the plaintiff that she came under his care and treatment in the early part of December, 1967. The plaintiff complained of severe abdominal pain, constipation and occasional nausea. She had also been unable to urinate. Doctor Giganti diagnosed plaintiff's condition as chronic constipation of neurogenic origin and traumatic myositis, an inflammation of the front part of the abdominal wall. In the doctor's opinion, there was a casual connection between the instant accident and plaintiff's subsequent condition of ill being. He also believed the condition could be permanent. He testified that his diagnosis was based mainly upon plaintiff's subjective complaints. The doctor characterized plaintiff as emotional and anxious. He noted that plaintiff's inability to urinate cleared up, as did the various sprains and bruises to the other parts of her body.

Doctor William Buckingham, an internist, testified as an expert witness on behalf of defendant. He had not examined plaintiff, but in response to a hypothetical question expressed the opinion that there was no causal connection between the accident and plaintiff's condition of ill being. Doctor Buckingham considered the diagnosed conditions as solely nervous complaints unrelated to trauma.

In assessing plaintiff's damages at $4,500, the trial judge stated that $757 was for the amount of the first hospital bill and that $147 was for part of her medical bill. The judge also recognized that plaintiff was employed, but stated that he had not been informed of her earnings. The balance of the judgment was for pain and suffering.

On appeal defendant contends that the damages awarded to plaintiff were excessive; that the finding was against the manifest weight of evidence because plaintiff failed to show sufficient causation between her physical condition and the accident; and that the trial court committed reversible error in excluding certain evidence offered by defendant.

We consider initially defendant's argument that the damages awarded to plaintiff were excessive.

■■ It is well settled that the amount of a judgment rests within the discretion of the trier of fact, and it is the trier of fact, not a reviewing court, which determines the amount which will compensate a plaintiff for injuries sustained. (*Parnham v. Carl W. Linder Co.* (1962), 36 Ill. App.2d 224, 183 N.E.2d 744.) In *Barango v. E. L. Hedstrom Coal Co.* (1956), 12 Ill.App.2d 118, 138 N.E.2d 829, this court stated that the issue in such cases is whether or not the total amount of the damages fails within the necessarily flexible limits of fair and reasonable compensation or is so large as to shock the judicial conscience. Before an award of damages will be disturbed on review the size of the damages must clearly indicate that it was the result of prejudice or passion. *Ford v. Friel* (1947), 330 Ill.App. 136, 70 N.E.2d 626.

■■ Nothing in the present record reveals prejudice or passion on the part of the trial judge. In assessing the damages, he analyzed the evidence and plaintiff's actual out-of-pocket expenses. The judge was careful to confine plaintiff to a recovery for those hospital and medical expenses which he found to be related to this accident. He limited recovery for hospital expenses to plaintiff's initial 18 day confinement at Saint Anne's Hospital, and awarded her compensation for only part of her medical expenses. Although observing that he had not been apprised of the amount of plaintiff's lost wages, the judge recognized that at the time of the accident she was employed at the Palmer House and had in fact suffered a loss of wages. The trial judge also found that plaintiff

was entitled to be reimbursed for her pain and suffering. Under the circumstances, we are unable to state that the trial court's award of $4,500 was excessive.

■■ Defendant also maintains that because the award for pain and suffering amounted to 80% of the entire judgment, excessiveness of the award is conclusively demonstrated. This argument overlooks the fact that the trier of fact considered plaintiff's lost wages. More importantly, this ratio contention has been considered and rejected by our Supreme Court. In *Lau v. West Towns Bus Co.* (1959), 16 Ill.2d 442, 158 N.E.2d 63, the court stated at p. 453: "we cannot limit compensable damages for pain and suffering to a set of percentage of medical, hospital and kindred expenses."

■■ Defendant's second contention is that the judgment was contrary to the manifest weight of the evidence because plaintiff failed to show causation between her condition of ill being and the instant accident. However Doctor Giganti specifically testified for the plaintiff that a causal connection existed between the trauma sustained by the plaintiff as the result of the fall from the bus and her subsequent stomach condition. Although Doctor Buckingham testified for defendant that plaintiff's condition of ill being was not caused by trauma, but was the result of pre-existing nervousness, the determination of that conflicting issue was properly for the trier of fact. We cannot say that his determination was against the manifest weight of evidence.

Defendant also contends that the trial court committed reversible error in excluding certain evidence offered by defendant. After defendant had rested his case, he received permission from the trial court to reopen the case. He then attempted to introduce personnel records and certain hospital records from Columbus Hospital pertaining to plaintiff during her employment at the hospital in 1962. While employed at the hospital plaintiff was also an out-patient at the hospital clinic. An employee of the hospital testified that the records in question were kept in the ordinary course of business. The court permitted the introduction of plaintiff's employment records at the hospital, but sustained plaintiff's objection to that part of the records pertaining to her out-patient treatment. Defendant then made an offer of proof that if the hospital records had been admitted into evidence, they would show that on August 13, 1962, plaintiff complained of diarrhea and abdominal pain; that in November, 1962 she complained of a fall hurting her chest; and that in December, 1962 she sustained burns at the hospital.

■■ Defendant concedes that hospital records are generally not admissible without testimony by persons making entries thereon. *Flesberg v. Prince Warehouse Co.* (1962), 37 Ill.App.2d 22, 184 N.E.2d 813. He

urges, however, that because plaintiff was employed at the hospital the hospital records should have been admissible. We are of the opinion that the trial court properly excluded the evidence. Whether or not plaintiff was an employee of the hospital, the records, as demonstrated by the offer of proof, would have constituted prejudicial hearsay evidence.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.