THE DEPARTMENT OF LAW ENFORCEMENT, Plaintiff-Appellee, *v.* WILLIAM H. WILLIS, Defendant-Appellant.

Fifth District   No. 77-186

Opinion filed May 25, 1978.—Rehearing denied June 23, 1978.

Richard J. Habiger, of Carbondale, for appellant.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant, William H. Willis, from an order entered by the circuit court of Montgomery County granting a summary

judgment in favor of plaintiff, Illinois Department of Law Enforcement (Department), and against Willis in the amount of $610.

On May 25, 1976, the Department brought the instant action pursuant to section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b)) to recover the medical expenses paid by it on behalf of its employee, State Police Officer Leland Storm which allegedly resulted from the intentional assault and battery by Willis injuring Storm. On August 3, 1976, Willis filed an answer essentially denying the allegations of the Department's complaint.

On October 12, 1976, the Department moved for summary judgment alleging no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Attached to its motion were the affidavits of Officer Storm and Montgomery County State's Attorney Kelly Long as well as certain certified court records. In his affidavit, Officer Storm stated that on July 6, 1974, he had arrested Willis for driving at an excessive speed and for driving while intoxicated. Following the arrest, Willis struck Storm in the face and escaped. Storm pursued Willis and overtook him at which time Willis again struck Storm. Storm stated that as a result of the injuries inflicted by Willis, Storm incurred certain necessary medical expenses totaling $610 which amount was paid by the Department under the Workmen's Compensation Act. Attached to this affidavit were copies of medical and dental receipts.

The affidavit of Kelly Long, who was an eyewitness to the escape and recapture of Willis, recounted the details thereof and further stated that as a result of the incident, Willis was charged with the offenses of aggravated battery, escape and resisting a peace officer to which charges Willis pleaded guilty. Certified copies of court records showed that Willis was convicted of these charges and duly sentenced.

Willis filed no counteraffidavit. However, on December 2, 1976, he filed a motion for a continuance for the purpose, in part, of filing a counteraffidavit. Also filed was an affidavit of defense counsel Richard Habiger of Prisoner's Legal Aid. In it, Habiger stated that the attorney assigned to supervise Willis' case had been ill, and that he himself had been unable to inquire into the facts of this case due to a heavy load of other cases. Further, Habiger stated that Willis told him that the injuries at issue were a result of Storm's own negligence.

On the same day Willis' motion for a continuance was filed, the lower court denied the motion and granted the Department's motion for summary judgment.

On appeal Willis contends that: (1) the trial court lacked subject matter jurisdiction over the instant cause under section 5(b) of the Workmen's Compensation Act; (2) alternatively, section 5(b) as applied violates due process, offends fundamental fairness, and is contrary to public policy;

and (3) the trial court erred in granting summary judgment and in denying the motion for a continuance.

In support of his first contention, Willis asserts that the Department brought the instant action "for recovery of amounts paid by Plaintiff to its employee under the Workmen's Compensation Act, rather than for damages sustained by plaintiff's employee." Relying on the language of section 5(b) of the Workmen's Compensation Act, which under stated terms permits an employer to sue a third-party tort-feasor "for the recovery of damages" arising from the harm done to the employee, Willis concludes that the instant action falls outside the scope of the act and thus does not state a cause of action permitted by law.

■■ ■ Such argument is specious. The instant action was brought to recover Storm's medical expenses which resulted from the alleged assault and battery committed by Willis, which amount was paid by the Department. Without so specifically stating, Willis now attempts to draw some distinction between these resulting medical expenses and the damages suffered by Storm. However, it is an elementary principle that in an action for personal injury, the reasonable medical expenses necessarily incurred as a result thereof are a part of the damages that may be recovered. (15 Ill. L. & Prac. *Damages* §60 (1968).) That the only damages sought to be recovered were Storm's medical expenses and, presumably, the Department or Storm could have sought to recover other proper, additional damages but chose not to, does not place the instant action outside the statute.

Nor do we find merit to Willis' next assertion that he could be held doubly liable, both to the Department and to Storm. Under section 5(b) of the Act, the instant action was brought for the benefit of both the employer and employee and the judgment entered thereon was conclusive of the liability of Willis. *Melohn v. Ganley*, 344 Ill. App. 316, 100 N.E.2d 781.

■■ Next, clothed in terms of due process, fundamental fairness and public policy, Willis contends that section 5(b) of the Act, as applied to the facts of the instant case, offends these principles in that it "chills" his "right to plead guilty to the criminal charges" arising from the instant occurrence, and in that it permits the State to have twice "punished" him in a "blatant attempt to enrich itself" thus offending, it is urged, "the appearance of justice."

We find this argument unpersuasive. Underlying the theory proposed by Willis are two aspects of the instant case; first, that Willis has been held criminally *and* civilly responsible for the same course of conduct; and secondly, that in each action the State has been the party plaintiff.

Actions for a crime and for a tort are separate and distinct from each other both with respect to the interests each addresses and the remedies

each affords. A crime is an invasion of the interests of the people as a whole. A criminal prosecution acts to protect and vindicate the public interest and a judgment thereon functions to punish and rehabilitate the offender. A tort, on the other hand, constitutes an invasion of a private interest. A plaintiff generally brings a civil action for a tort seeking compensation for the damage he has personally suffered and a judgment in such a case functions to fairly allocate the loss. (Prosser, Torts §2 (4th ed. 1971).) That in the instant case Willis has been held to render full account to both the people and the Department offends no fundamental principle of justice since by his acts he has injured the separate interests of each. Moreover, that the State has been the party plaintiff in each action is of no import since in the criminal action it was acting in its capacity as the representative of the people while in the case at bar, it is acting in its capacity as the employer of the injured employee under section 5(b) of the Act. In the exercise of this statutory right, the Department has not acted to enrich itself but rather to make itself whole. Lastly, that in contemplation of possible future civil liability, Willis may have felt restrained in choosing whether to plead guilty to the criminal charges, causes no affront to our concepts of justice since such was at most a tactical consideration and it was violative of no rights of Willis. Obviously by enactment of section 5(b) the legislature intended, in addition to providing means for the employer to make itself whole, that the enactment would have a "chilling effect" on conduct which would result in injury to employees.

Willis also contends that the court erred in granting summary judgment and argues that issues remained extant with regard to proximate cause, contributory negligence and the reasonableness of the claimed medical bills. While we note that the first two points have little application here since the instant cause of action is based on the common law intentional torts of assault and battery, we find, in any event, no merit to the contention.

■■■ Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) permits a party to move for a summary judgment with or without affidavits and provides that such a motion shall be granted if the pleadings and affidavits together show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The Department herein submitted affidavits together with all papers upon which the affiants relied. Willis submitted no counteraffidavit except that of his defense counsel, which with regard to the pleadings was not based on the personal knowledge of the attorney and therefore was insufficient to raise a genuine issue of material fact. (*Wicks v. Bank of Belleville*, 56 Ill. App. 3d 222, 371 N.E.2d 1007.) Where, as here, well-pleaded facts set forth in affidavits in support of a motion for

summary judgment are not contradicted by counteraffidavit, the facts so averred must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings, which purport to establish a valid defense and raise bona fide issues of fact. (*LaMonte v. City of Belleville*, 41 Ill. App. 3d 697, 355 N.E.2d 70; *Renieris v. Village of Skokie*, 85 Ill. App. 2d 418, 229 N.E.2d 345.) Upon a review of the record we find no error in the granting of the motion for summary judgment.

■■ Further Willis contends that the court abused its discretion in denying his motion for a continuance. The Department's motion for summary judgment was filed nearly four months after the complaint. Further the hearing thereon was not held until more than seven weeks after the motion was filed. On the day of the hearing Willis moved to continue the matter for the purpose of filing a counteraffidavit; however, we find that he failed to demonstrate that his counteraffidavit would have been material and that he had exercised due diligence in attempting to obtain his own affidavit. (See *Vollentine v. Christoff*, 24 Ill. App. 3d 92, 321 N.E.2d 49.) On this basis, we find no abuse of discretion.

For the foregoing reasons, the judgment entered by the circuit court of Montgomery County is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.