*In re* GUARDIANSHIP OF NICHOLAS R. SMITH.—(The Department of Mental Health and Developmental Disabilities, Claimant-Appellant, *v.* Estate of Nicholas R. Smith, Respondent-Appellee.)

Fifth District   No. 81—678

Opinion filed September 20, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of counsel), for appellant.

Richard E. White, Chartered, of Murphysboro, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

The State of Illinois, Department of Mental Health and Developmental Disabilities (the Department) appeals from the dismissal of its action against the estate of Nicholas R. Smith (Nicholas) in the circuit court of Saline County. The Department's petition sought recovery of $35,328.80 from the estate for the period from October 5, 1977, through August 31, 1980, during which Nicholas allegedly was a resident at the A.L. Bowen Developmental Center (Bowen). That amount was assessed at a rate of $31.60 per day or $948 per month. During the bench trial, at the close of the Department's evidence, the court granted respondent's motion to dismiss on the ground that the Department had not sufficiently proved the days Nicholas was in attendance at Bowen.

The trial occurred on two days, more than two months apart. On the first trial date, the Department sought to introduce a computer printout summarizing Nicholas' days of attendance at Bowen. The medical secretary at Bowen testified by way of foundation that she had prepared the printout on a computer terminal linked with the Department's central office in Springfield. The witness testified that the basis of the data on the printout was daily attendance reports entered on the terminal in her office and that each day's attendance entry was compiled from daily written reports prepared by Bowen employees in each residence unit, a separate sheet for each unit for each day. The daily report sheets comprised a voluminous record kept in the witness' office. She testified that the medical records director at Bowen had resigned two weeks previously and that prior to that time, either the witness or the medical records director had made the daily attendance entry. The witness had assumed the medical records director's duties following the director's resignation.

The trial court determined the computer printout to be inadmissible hearsay because the Department's sole foundation witness had not testified that the records summarized therein were kept by her or under her supervision. The court granted a continuance to permit the Department to obtain the presence of the former medical records director; however, when trial resumed more than two months later, that person was not available to testify. Instead, the Department sought to introduce a list bearing the number of days of each month on which Nicholas was at Bowen. Recalled, the medical secretary testified that she had compiled that list from the individual daily residence unit attendance sheets in her office. She admitted that neither she nor someone under her supervision was entering the attendance records as of December 1977. The trial court refused to admit the list, observing,

*inter alia,* that neither the keeper of the records nor the person in charge of the records had testified.

A reimbursement officer at Bowen testified that Nicholas' mother had been sent a "Notice of Determination" reflecting the charges for Nicholas' stay at Bowen. (Ill. Rev. Stat. 1981, ch. 91½, par. 5—111.) This notice, admitted in evidence, included a statement that the amount assessed could be contested by administrative hearing within a designated time. The witness testified that no such hearing had been requested in Nicholas' case.

The Department called Nicholas' mother under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 60). She testified that Nicholas was at Bowen from October 1977 to December 23, 1980, except for Christmas and some weekends when Nicholas was home. The witness was equivocal as to what weekends Nicholas was at home and how long Nicholas was home for Christmas.

The Department having rested, the trial court granted respondent's motion to dismiss, concluding that the amount of time Nicholas had spent at Bowen had not been proved. The court rejected the Department's contention that Nicholas' mother's testimony established certain periods of time during which Nicholas was at Bowen and that the Department had sustained its burden with respect to those periods. The Department appeals. We reverse and remand.

The Department argues that the computer summary and the list of days of attendance should have been admitted under the "records maintained by public officials" exception to the hearsay rule. This exception applies to records kept by persons in public office, which they are required, either by statute or the nature of their office, to maintain in connection with the performance of their official duties. Such records are admissible in evidence and are evidence of those matters which are properly required to be maintained and recorded therein. (*People ex rel. Wenzel v. Chicago and North Western Ry. Co.* (1963), 28 Ill. 2d 205, 212, 190 N.E.2d 780, 784.) It would be necessary for the Department to keep attendance records for its residents in order to discharge its burden of determining the charges applicable to each resident under section 5—105 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 91½, par. 5—105). Therefore, such records are admissible in evidence as records required to be kept by persons in public office by the nature of their office.

Respondent argues that the computer summary was objectionable for the additional reasons that foundational requirements for admission of computer records were not met. Printout sheets of busi-

ness records are admissible in evidence without testimony of the persons who made the entries in the regular course of business if it is shown that: (1) the electronic computing equipment is recognized as standard; (2) the entries are made in the regular course of business at or reasonably near the time of the happening of the event recorded; and (3) the foundation testimony satisfies the court that the sources of information, method and time of preparation were such as to indicate its trustworthiness and justify its admission. (*Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 202, 367 N.E.2d 1238, 1242.) Here, the Department's foundation testimony merely showed that the entries were made in the normal course of business. (See *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, 409, 357 N.E.2d 875, 880.) However, the list the Department sought to introduce on the second day of trial was not computer-prepared and thus need not have complied with these criteria. Further, we do not believe that the list prepared by the medical secretary was inadmissible on the basis that it merely summarized other documents. See *Department of Public Aid v. Estate of Wall* (1980), 81 Ill. App. 3d 394, 398, 401 N.E.2d 639, 641-42; but see *People ex rel. Wenzel v. Chicago and North Western Ry. Co.* (1963), 28 Ill. 2d 205, 213-14, 190 N.E.2d 780, 784-85, indicating that the underlying documents should at least be available for inspection.

■ For the foregoing reasons, we conclude that the trial court erred in refusing to admit into evidence the list prepared by the medical secretary without use of the computer. Distinguishable from the instant facts are *In re Estate of Rupinski* (1970), 131 Ill. App. 2d 393, 266 N.E.2d 190, *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266, and *Messina v. Zody* (1973), 13 Ill. App. 3d 566, 300 N.E.2d 851, all cited by respondent. These cases involved hospital records, not records kept by public officials. *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 367 N.E. 2d 1238, cited by respondent, concerns the business records exception to the hearsay rule. (87 Ill. 2d R. 236.) Also, the requirement for which respondent cites *Smith v. Williams* (1975), 34 Ill. App. 3d 677, 679-80, 339 N.E.2d 10, 12, pertains to "past recollection recorded," not records kept by public officials, as is the subject of controversy in the case at bar.

■ We reject respondent's contention that discrepancies in the medical secretary's testimony regarding the date the medical records director resigned provided a basis upon which to disregard her testimony. This discrepancy was upon a relatively trivial matter. Further, the trial court's comments indicate that the court's basis for refusing

the proferred evidence was that the testimony offered by the Department was insufficient if believed. No determination as to the credibility of the witness was made; none was necessary.

We need not discuss the Department's contentions that the computer printout and the list prepared by the medical secretary without the computer should have been admitted under Supreme Court Rule 236 (87 Ill. 2d R. 236) and that Nicholas' mother's testimony sufficed to establish at least part of the Department's claim. Further, we need not and do not comment upon the viability of any other defense respondent might raise upon remand.

For the foregoing reasons, we reverse the judgment of the circuit court of Saline County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

JONES and HARRISON, JJ., concur.