Jerry K. **WOLKENHAUER** and Sharon K. Wolkenhauer, Plaintiffs-Appellants,

v.

Richard M. **SMITH** and Robert L. Bertch, Defendants-Appellees.

No. 86–2859.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1987.

Decided June 24, 1987.

712

Terry G. Harn, Terry G. Harn, P.C., Peoria, for plaintiffs-appellants.

David J. Dubicki, Kavanagh Scully Sudow White & Frederick, P.C., Peoria, for defendants-appellees.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

In this diversity action, appellants, Jerry Wolkenhauer and his wife, Sharon Wolkenhauer, sought damages for injuries Mr. Wolkenhauer sustained in a collision between the semi-tractor trailer that he was driving and a utility trailer pulled by a pick-up truck. After the evidence was presented in a bench trial, the district court awarded appellants $213,015.71 in damages, but reduced the award to $42,603.14 because it found Mr. Wolkenhauer's degree of fault to be 80%. The appellants contend that the district court's findings regarding damages lack specificity and that the court erred in finding Mr. Wolkenhauer to be 80% at fault. For the reasons stated below, we affirm the judgment of the district court.

## I

### Facts

At approximately 4:00 a.m. on September 29, 1982, Mr. Wolkenhauer was driving a semi-tractor trailer westbound in the right lane of Interstate 80 in Bureau County, Illinois. Mr. Smith and three passengers were also traveling westbound on Interstate 80, driving a pick-up truck pulling a trailer. Mr. Smith stopped and pulled onto the shoulder to assist Mr. Bertch, who had pulled his pickup truck off the highway because it had malfunctioned. In an attempt to start Mr. Bertch's truck, Mr. Smith used his own truck to push Mr. Bertch's vehicle. During this process, the trucks were on the highway's shoulder, but Mr. Smith's trailer protruded approximately two to three feet onto the highway. The shoulder of the highway was approximately 10½ to 11 feet wide, adequate to allow the vehicles to remain completely off the highway. Mr. Smith's truck and trailer lights were operating and the rear hazard lights were flashing. Mr. Smith, however, never activated the left turn signal on his truck because he did not intend to leave the highway's shoulder.

Mr. Wolkenhauer testified that he first saw the truck and trailer lights when he was approximately one-quarter to one-half mile away from them. The night was clear and the highway was dry. Mr. Wolkenhauer was traveling at approximately 55 miles per hour. He was able to distinguish the vehicles when he was approximately 150–200 feet away from them. He stated that he then checked the left lane to see if it was safe for him to transfer lanes. Although he initially told a state trooper investigating the accident that a car was in the left lane, he later testified that there was no car in the left lane. Mr. Wolkenhauer testified that the trailer extended approximately six feet into the highway. Mr. Smith testified that the trailer extended approximately three to four feet onto the highway; another witness testified that the trailer only protruded one to two feet onto the highway.

The front of Mr. Wolkenhauer's cab struck the rear left corner of the trailer, causing it to disintegrate. The tire on the semi-tractor trailer blew out and Mr. Wolkenhauer lost control of the truck. He was tossed around inside the cab and sustained injuries to the left side of his body. Mr. Wolkenhauer was hospitalized for two days. After his release from the hospital, he received further treatment from his family physician, including three cortisone injections, in an effort to alleviate the pain he experienced in his shoulder. In June 1983, he underwent surgery on his left shoulder and regained all but 5% use in that arm.

The trucking company for which Mr. Wolkenhauer was an employee, Briggs Transport Company, closed in January 1983 after filing a petition in bankruptcy. After recovering from the accident, Mr. Wolkenhauer enrolled in a retraining program to become a robotics technician, but he left the program after a year and four months because he could no longer afford the classes. In 1984 and 1986, Mr. Wolkenhauer drove a truck on a "casual" or part-time basis. The driving apparently caused him some pain, but the injury to his shoulder did not render him incapable of driving trucks.

## II

### The District Court Opinion

The district court first entered a default judgment against appellee Robert Bertch because he failed to respond to properly served summons, complaint and interrogatories. The court determined that, to the extent that the defendants were found culpable, Mr. Bertch would share in the liability. The court then held that the defendants were negligent because the trailer protruded onto the highway. Although the testimony differed as to how far the trailer extended onto the highway, the district court found that it was undisputed that the trailer improperly encroached upon the interstate and this negligence was a proximate cause of the collision.

After finding that the appellees acted negligently and in violation of various provisions of the Illinois Vehicle Code, the

district court calculated the damages suffered by the appellants. The court first addressed the appellants' claimed special damages consisting of medical expenses, lost wages and lost insurance that were not materially contested by the defendants. The court awarded $21,890.43 in special damages. The court next considered whether Mr. Wolkenhauer was entitled to retraining expenses. The court concluded that the appellees were not liable for retraining expenses because Mr. Wolkenhauer expressed doubts about continuing in the robotics training program and because he had returned to truck driving. In determining the appellees' liability for Mr. Wolkenhauer's lost wages, the district court stated that Mr. Wolkenhauer had not established by a preponderance of the evidence that his inability to find work resulted from his injury. Rather, the court found that the major reason why Mr. Wolkenhauer had not been able to find permanent employment as a truck driver was the deteriorating economic condition of his community as evidenced by the bankruptcy of his former employer. The court then awarded Mr. Wolkenhauer lost wages and insurance premium losses for the years 1983–1985. The court did not award lost wages for 1986 because it found that Mr. Wolkenhauer did not meet his burden of proving that any reduction in income for that year was proximately caused by his injury. Similarly, the court did not award appellant any future wages because such an award would be speculative. The court then awarded Mr. Wolkenhauer $50,000 for his pain and suffering, based not only upon his physical pain, but also upon his loss of pride and self-esteem. Mrs. Wolkenhauer was awarded $20,000 for her suffering and loss of consortium. In total, the court awarded appellants $213,015.71.

The district court then evaluated the extent of Mr. Wolkenhauer's fault in causing the collision. The court held that Mr. Wolkenhauer's failure to slow down or to change lanes after he saw the flashing hazard lights constituted comparative fault and proximately caused the collision. The court assessed the level of Mr. Wolkenhauer's fault to be 80% and accordingly reduced appellants' damages award to $42,-603.14.

## III

### Analysis

Appellants contest the district court's failure to award damages for disability and disfigurement, future pain and suffering, retraining expenses, and future lost earnings and the court's finding that Mr. Wolkenhauer was 80% at fault for causing the collision. We will address these contentions in turn.

### A. *Specificity of the Findings*

1. Disability and Disfigurement/Pain and Suffering

Appellants claim that the district court erred in failing to award damages for Mr. Wolkenhauer's disability and disfigurement resulting from the collision. The appellants further maintain that the court's award for damages was deficient because the court failed to distinguish between past and future pain and suffering. The appellees contend that the district court's findings comport with the requirements of Fed. R.Civ.P. 52(a). They also claim that Mr. Wolkenhauer's disability and future pain and suffering were compensated by the $50,000 award for pain and suffering.

In this diversity case, we must decide whether the district court's damages award compensated the appellants for their injuries under Illinois law and whether the court's findings are sufficiently detailed to demonstrate the basis for the award in accordance with Fed.R.Civ.P. 52(a). Under Illinois law, the court must award damages that will reasonably and fairly compensate the plaintiff for the injuries sustained as a result of the defendant's negligence. "The primary purpose of tort law is to compensate plaintiffs for the injuries they have suffered wrongfully at the hands of others, and damages for negligence are ordinarily computed by comparing the condition plaintiff would have been in but for the tort with plaintiff's impaired condition as a result of the wrong." *Goldberg v. Ruskin,* 128 Ill.App.3d 1029, 84 Ill.Dec. 1, 5, 471

N.E.2d 530, 534 (1984), *aff'd,* 113 Ill.2d 482, 101 Ill.Dec. 818, 499 N.E.2d 406 (1986). In an action for personal injury, the plaintiff may recover reasonable medical expenses, *Department of Law Enforcement v. Willis,* 61 Ill.App.3d 495, 18 Ill.Dec. 775, 778, 378 N.E.2d 239, 242 (1978), impairment of earning capacity, *Robinson v. Greeley and Hansen,* 114 Ill.App.3d 720, 70 Ill.Dec. 376, 380, 449 N.E.2d 250, 254 (1983), pain and suffering, lost wages, and disability and disfigurement. *Jurney v. Lubeznik,* 72 Ill. App.2d 117, 218 N.E.2d 799, 805 (1966). The jury or trial judge is vested with discretion in making its damages determinations. As an appellate court reviewing that determination, we must keep in mind that "[b]efore an award of damages will be disturbed on review the size of the damages must clearly indicate that it was the result of prejudice or passion." *Messina v. Zody,* 13 Ill.App.3d 566, 300 N.E.2d 851, 853 (1973).

■ Rule 52(a) of the Federal Rules of Civil Procedure, in pertinent part, provides:

In all actions tried upon the facts without a jury, ... the court shall find the facts specially and state separately its conclusions of law thereon.... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses....

In assessing what damages resulted from the defendants' negligence, this court is "bound by the trial court's findings of fact unless they are clearly erroneous." *Ber-*

*wind Corp. v. Litton Indus., Inc.,* 532 F.2d 1, 8 (7th Cir.1976). In reviewing the specificity of findings supporting awards for damages, the courts have acknowledged that the "degree of exactness of the findings required depends on the circumstances of the particular case." *Fuchstadt v. United States,* 434 F.2d 367, 370 (2d Cir. 1970) (quoting *Kelley v. Everglades Drainage Dist.,* 319 U.S. 415, 419, 63 S.Ct. 1141, 1143, 87 L.Ed. 1485 (1942)). In certain situations, detailed findings are necessary so that the appellate court is able to evaluate the considerations that prompted the district court to make the award. Itemization of the award "is particularly appropriate when the total amount awarded may appear to be an overly generous one unless so substantiated." *Id.* However, as stated by the Fifth Circuit, "adequate review of an award can often be accomplished even though the award is in 'lump sum' form." *Neill v. Diamond M. Drilling Co.,* 426 F.2d 487, 491 (5th Cir.1970) (per curiam).

■ In this case, the district court did not award damages in a "lump sum" form and its findings were sufficiently specific to satisfy the requirements of Fed.R.Civ.P. 52(a).[1] For example, the court itemized the special damages and awarded Mr. Wolkenhauer his expenditures for such costs as ambulance fees, rehabilitation, medical treatment, prescriptions and anesthesia. Further, read in context, the court's award for pain and suffering compensated Mr. Wolkenhauer not only for past pain and suffering, but also for future pain and suffering. The district court stated that "[t]he fact that an injury does not involve

---

1. The district court summarized the damages award as follows:

| $ | |
|---|---|
| 21,890.43 | Special Damages |
| 35,381.28 | 1983 Lost Wages |
| 5,472.00 | 1983 Lost Insurance Premiums |
| 38,000.00 | 1984 Lost Wages |
| −8,984.00 | 1984 Wage Off Set |
| 5,928.00 | 1984 Lost Insurance Premiums |
| 39,400.00 | 1985 Lost Wages |
| 5,928.00 | 1985 Lost Insurance Premiums |
| 50,000.00 | Pain and Suffering |
| 20,000.00 | Suffering and Loss of Consortium |
| $213,015.71 | TOTAL |

The district court itemized the special damages as follows:

| $ | |
|---|---|
| 100.00 | Ambulance |
| 1,031.00 | Rehabilitation |
| 743.00 | Medical Treatment |
| 3,938.41 | Hospital |
| 273.00 | Anesthesia |
| 309.63 | Prescriptions |
| 233.00 | Medical |
| 92.00 | Medical |
| 165.00 | Medical |
| 470.52 | Hospital |
| 66.00 | Radiology |
| 12,530.87 | Lost Wages |
| 1,938.00 | Lost Insurance |
| $21,890.43 | TOTAL |

substantial permanent disability does not mean it did not and does not generate a lot of pain and suffering." *Wolkenhauer v. Smith,* No. 82–1251, mem. op. at 19 (C.D. Ill. Oct. 28, 1986); R.42 at 19 [hereinafter cited as Mem. op.]. Implicit in this statement is the court's recognition that Mr. Wolkenhauer's compensation encompasses both his past and future pain and suffering, as well as the 5% upper extremity impairment that he suffered.[2] Finally, while appellants have demonstrated that Mr. Wolkenhauer was partially disabled as a result of the accident, they have not shown that he suffered any disfigurement. Even if the surgery performed on Mr. Wolkenhauer's shoulder left scars, the appellants have not introduced evidence to show that these scars were disfiguring. Therefore, the district court was not required to award Mr. Wolkenhauer an additional amount for disfigurement.

■ We agree with the appellees that the district court's findings regarding damages for pain and suffering were adequate under Illinois law and that the $50,000 award compensated Mr. Wolkenhauer for his 5% upper extremity impairment and for future pain and suffering. We also conclude that the district court's findings were sufficiently detailed to support the award for pain and suffering.

### 2. Lost Future Earnings and Retraining Expenses

The appellants contend that Mr. Wolkenhauer is entitled to recover damages for his retraining expenses and for his future lost earnings. Appellants claim that Mr. Wolkenhauer should receive compensation for the tuition, rent and commuting expenses he incurred while he received training as a robotics technician. Appellants further maintain that an award of future lost earnings is necessary because Mr. Wolkenhauer's injury impaired his ability to work and reduced his future earning capacity. Appellees contend that the district court properly denied Mr. Wolkenhauer any award for retraining expenses because he discontinued the training and is physically capable of driving a truck. The appellees also claim that Mr. Wolkenhauer is not entitled to recover damages for future lost wages because such an award would be speculative. In appellees' view, Mr. Wolkenhauer's inability to work resulted generally from the unavailability of trucking positions and specifically from the insolvency of his former employer, Briggs Transport Company, not from his injury.

■ The district court carefully evaluated whether Mr. Wolkenhauer was entitled to damages for retraining expenses and concluded that the appellees need not compensate appellants for those expenses. We do not find the district court's finding to be clearly erroneous. The district judge initially thought that an award for retraining expenses was appropriate, but, upon reflection, concluded that such an award was unwarranted. He noted that Mr. Wolkenhauer expressed doubts about continuing in the robotics training program. Mem. op. at 14–15. Further, because Mr. Wolkenhauer was actually driving trucks, retraining as a robotics technician was not necessitated as a result of any disability he suffered from the accident. While Mr. Wolkenhauer experiences some pain from driving a truck, the pain does not prevent him from driving trucks and he has received compensation for that pain in the form of the $50,000 pain and suffering award.[3]

---

**2.** The appellants also contend that the trial court erred in failing to consider the nature, extent and duration of Mr. Wolkenhauer's injury. Appellant's Br. at 27–28. Under Illinois law, the nature, extent and duration of an injury does not constitute a "separately compensable element" of damages. Rather, the nature, extent and duration of the injury is considered when assessing damages for elements such as disability, pain and suffering, or disfigurement. *Powers v. Illinois Cent. Gulf R.R.,* 91 Ill.2d 375, 63 Ill.Dec. 414, 417–18, 438 N.E.2d 152, 155–56

(1982). Because the district court considered the nature, extent and duration of Mr. Wolkenhauer's injury when determining damages for pain and suffering, we find appellants' argument to be without merit.

**3.** It appears that the appellants' claim for tuition expenses is clearly without merit for another reason. According to Mr. Wolkenhauer's testimony, the tuition was paid for him by the J.P. Keeney Vocational Rehabilitation program under the Job Training Partnership Act. Tr. I at

■ We also do not find the district court's conclusion that Mr. Wolkenhauer is not entitled to recover future lost wages to be clearly erroneous. Under Illinois law, "the measure of damages for impairment of earning capacity is the difference between the amount which plaintiff was capable of earning before his injury and that which he is capable of earning thereafter." *Robinson*, 70 Ill.Dec. at 380, 449 N.E.2d at 254. The difference between the plaintiff's *actual* earnings before and after the injury does not constitute the measure of damages. Rather, "[d]amages should be estimated on the injured person's ability to earn money." *Id.*

Based upon the testimony at trial, the court determined that the major factor preventing Mr. Wolkenhauer from finding permanent employment was the bankruptcy of the trucking company for which he had previously worked. The court noted that the reduction in the use of appellant's left arm is only 5% and that he has been able to drive trucks on a part-time basis. After reviewing the evidence presented, the court concluded that "there are too many other causative factors present in the record (e.g., economic conditions in the trucking industry) to permit the Court to say that the injury he received in the accident is a proximate cause of his present or future unemployment." Mem. op. at 17. In view of Illinois case law requiring that recovery for impairment of earning capacity "be limited to such loss as is reasonably certain to occur," *Christou v. Arlington Park-Washington Park Race Tracks Corp.*, 104 Ill. App.3d 257, 60 Ill.Dec. 21, 24, 432 N.E.2d 920, 923 (1982), the district court correctly determined that Mr. Wolkenhauer's loss of future earnings resulting from the accident was too speculative to be compensable.

127. Mr. Wolkenhauer also testified that the rehabilitation program assisted with his transportation expenses. *Id.* at 127–28.

4. Recently, the Illinois legislature enacted a statute establishing modified comparative fault as the method of apportioning damages in negligence cases. The statute, in pertinent part, provides:

In all actions on account of bodily injury or death or physical damage to property, based

**B.** *Comparative Fault*

■ The appellants' final contention is that the district court erred in finding Mr. Wolkenhauer to be 80% at fault for causing the collision. Appellants argue that Mr. Wolkenhauer had no duty to anticipate that the appellees would operate motor vehicles in a manner violative of the state vehicle code. In response, appellees claim that a motorist must act reasonably to avoid a collision even if other vehicles are operated in an unsafe manner.

The Illinois Supreme Court abrogated contributory negligence as a defense and adopted the principle of comparative negligence in *Alvis v. Ribar*, 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981). The method of allocating damages adopted by the court was "pure" comparative negligence, whereby a plaintiff's recovery is reduced in proportion to his degree of fault, even if his fault exceeds 50%. *Id.* 52 Ill.Dec. at 35, 421 N.E.2d at 898. It is this method of apportioning damages that governs this case.[4] After reviewing the district court's findings regarding the parties' conduct prior to the accident, we do not believe that its determination was clearly erroneous. *Thomas v. Express Boat Co.*, 759 F.2d 444, 447 (5th Cir.1985) (clearly erroneous standard applies to district court's apportionment of fault). Nor are we left with a firm conviction that the court's finding was wrong. *See Davis v. United States*, 716 F.2d 418, 430 (7th Cir. 1983). *See generally Redmond v. GAF Corp.*, 574 F.2d 897, 903 (7th Cir.1978) (a finding is clearly erroneous if "after a careful review of the record the reviewing court is left with the definite and firm conviction that the finding is clearly wrong").

on negligence, ... the plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.
Public Act 84–1431, art. 4, sec. 2–1116 (Sept. 26, 1986) (to be codified at Ill.Ann.Stat. ch. 110, para. 2–1116).

While under Illinois law a person need not always anticipate any violation of state law that might cause an accident, *see, e.g., Hutson v. Chicago Transit Auth.*, 35 Ill. App.3d 428, 342 N.E.2d 190, 194 (1976), a person must act with due care to avoid a collision. A "motorist driving on a preferential highway does not have an absolute right of way, but must exercise reasonable care to keep a lookout for vehicles entering the highway." *Smith v. Bliss*, 12 Ill. App.3d 514, 299 N.E.2d 576, 580 (1973). In this case, the evidence showed that appellant saw the flashing hazard lights and assumed that the vehicles were on the shoulder. Instead of slowing down, sounding his horn, or moving into the left lane, appellant hit the trailer. As the district court found: "The truck stayed in the right lane. It continued moving at 55 miles per hour until the point of impact—or too close to it to avoid the collision." Mem. op. at 22. In view of appellant's apparent inattention to the situation and the relative ease with which he could have avoided the accident, we cannot say that the district court erred in deciding that appellant was 80% at fault for causing the collision.

### Conclusion

We find that the district court's findings in support of its damages awards were sufficiently particular to satisfy the requirements of Fed.R.Civ.P. 52(a). Further, we are not left with the firm conviction that the court erred in assessing Mr. Wolkenhauer's proportion of the fault for causing the accident to be 80%. Accordingly, we affirm the judgment of the district court.

AFFIRMED