# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Mahoney v. Gummerson*, 2012 IL App (2d) 120391

---

| | |
|---|---|
| Appellate Court Caption | CAROLYN MAHONEY, a/k/a Carolyn Cox, Plaintiff-Appellee, v. R. MARC GUMMERSON and BILLY J. COX, Defendants (The Department of Corrections, Third-Party Respondent-Appellant). |
| District & No. | Second District<br>Docket No. 2-12-0391 |
| Filed | November 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to section 8-802.3(b) of the Code of Civil Procedure, the disclosure of a confidential informant's identity is privileged in a civil action involving allegations of a murder-for-hire plot when no criminal prosecution is being conducted, since such a civil action is not a "court proceeding involving a felony or misdemeanor." |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 11-CH-1498; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | First certified question answered; cause remanded. |

Counsel on Appeal

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Christopher M.R. Turner, Assistant Attorney General, of counsel), for appellant Department of Corrections.

No brief filed for appellee.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices Zenoff and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    This matter comes before the court as a permissive interlocutory appeal brought pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). The questions certified arose from a proceeding in which plaintiff, Carolyn Mahoney, filed a civil action against defendants, her former husband, Billy J. Cox, and his attorney, R. Marc Gummerson, for allegedly engaging in a plot to kill Mahoney. Mahoney served a subpoena on the Illinois Department of Corrections (Department), seeking the disclosure of the identity and statements of a confidential informant who assisted the Department in its investigation of the alleged murder-for-hire plot. After denying the Department's motion to quash the subpoena, the trial court certified three questions to this court. We granted the Department's application to review two of the three certified questions:

"1. Whether 735 ILCS 5/8-802.3 [(West 2010)] precludes disclosure of a CI's [confidential informant's] identity in a civil action involving allegations of a murder-for-hire plot but where no criminal prosecution is being conducted.

2. If not, whether the Department must affirmatively prove that the interest in protecting the CI's identity outweighs the seeking party's need for the identity, including that disclosure will impose a risk to the safety of the CI, and that disclosure will discourage other citizens from providing information to law enforcement."

¶ 2    We answer the first certified question in the affirmative, with a qualification. We conclude that section 8-802.3(b) of the Code of Civil Procedure (Code) (735 ILCS 5/8-802.3(b) (West 2010)), which sets out the exception to the confidential informant's privilege, *does not compel* disclosure of a confidential informant's identity in a civil action involving allegations of a murder-for-hire plot where no criminal prosecution is being conducted. The exception does not compel disclosure because, under section 8-802.3(b)(1), such a civil action is not a "court proceeding involving a felony or misdemeanor." 735 ILCS 5/8-802.3(b)(1) (West 2010). In answering that the statute *precludes* disclosure, we assume that the informant's identity already has been established as privileged under section 8-802.3(a) of the Code. If *prima facie* evidence of the informant's privilege is absent, section 8-802.3 does not preclude disclosure. Our answer to the first certified question obviates the need to answer the second certified question.

FACTS

¶ 4 On June 21, 2011, Mahoney filed a one-count complaint against Cox and Gummerson, alleging that they engaged in a civil conspiracy to commit murder. On November 16, 2007, Cox was convicted of aggravated battery and attempting to murder Mahoney, and Cox was remanded to the Department to serve a 20-year prison sentence. Mahoney's complaint alleged that, during his incarceration, Cox solicited at least two other inmates to murder Mahoney and that the Department alerted her of the plot. Mahoney alleged that Gummerson was instrumental to Cox's scheme because he controls Cox's money and property outside of prison. Mahoney sought at least $50,000 in compensatory damages as well as injunctions against Cox and Gummerson to restrain each from conveying or disposing of any of Cox's property without court approval.

¶ 5 On August 19, 2011, Mahoney served a subpoena on the Department, seeking various documents related to any investigation into any allegation of misconduct by Cox and, in particular, any investigation into any allegation that Cox sought to murder Mahoney. The Department moved to quash the subpoena, arguing that the documents sought contained the identity of a confidential informant and that disclosure would present a substantial risk to the informant's safety and the willingness of other individuals to cooperate with law enforcement in the future.

¶ 6 On January 20, 2012, after reviewing *in camera* the requested documents, the trial court denied the motion to quash the subpoena and compelled disclosure of the informant's identity and any recorded statements of the informant. After unsuccessfully moving for reconsideration, the Department filed a motion to vacate the order or, in the alternative, to certify certain questions for appellate review. In the motion, the Department argued for the first time that the informant's identity is privileged under section 8-802.3 of the Code. See 735 ILCS 5/8-802.3 (West 2010).

¶ 7 On March 21, 2012, the trial court denied the motion to vacate but certified the following two questions for appellate review:

1. Whether section 8-802.3 of the Code (735 ILCS 5/8-802.3 (West 2010)) precludes disclosure of a confidential informant's identity in a civil action involving allegations of a murder-for-hire plot but where no criminal prosecution is being conducted.

2. If not, whether the Department must affirmatively prove that the interest in protecting the confidential informant's identity outweighs the seeking party's need for the identity, including that disclosure will impose a risk to the safety of the confidential informant and that disclosure will discourage other citizens from providing information to law enforcement.

¶ 8 This court granted the Department's application for leave to appeal pursuant to Rule 308.

¶ 9 ANALYSIS

¶ 10 At the outset, we note that none of the parties to the original complaint, Mahoney, Cox, and Gummerson, has filed a brief on appeal. In such a situation, our supreme court's decision

in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976), normally dictates that a court consider the merits of an appeal if the issues and the record are susceptible to easy decision, but that a court otherwise decide the case in favor of the appellant if the appellant establishes a *prima facie* case for reversal. *Grundy v. Lincoln Park Zoo*, 2011 IL App (1st) 102686, ¶ 3.

¶ 11    However, in an appeal that considers certified questions, *Talandis* does not apply, because ruling in favor of the appellant who establishes a *prima facie* case would entail not ordering a case-specific outcome but, rather, articulating a legal proposition that may or may not be correct. *Grundy*, 2011 IL App (1st) 102686, ¶ 3. *Talandis* is not dispositive because the failure to file an appellee's brief does not establish or corroborate the answer to a certified question. A certified question is a question of law that is not susceptible to either a default or a *prima facie* showing of error. Therefore, we address the certified questions on their merits, regardless of their simplicity. Our review is *de novo* because we are presented solely with questions of law. *Grundy*, 2011 IL App (1st) 102686, ¶ 3.

¶ 12    The first certified question is whether section 8-802.3 of the Code precludes disclosure of a confidential informant's identity in a civil action involving allegations of a murder-for-hire plot but where no criminal prosecution is being conducted. The confidential informant's privilege, as codified in section 8-802.3, provides as follows:

    "(a) Except as provided in subsection (b), if an individual (i) submits information concerning a criminal act to a law enforcement agency or to a community organization that acts as an intermediary in reporting to law enforcement and (ii) requests anonymity, then the identity of that individual is privileged and confidential and is not subject to discovery or admissible in evidence in a proceeding.

    (b) There is no privilege under subsection (a) if a court, after a hearing in camera, finds that the party seeking discovery or the proponent of the evidence has shown that:

        (1) the identity of an individual who submits information concerning a criminal act is sought or offered *in a court proceeding involving a felony or misdemeanor*;

        (2) the evidence is not otherwise available; and

        (3) nondisclosure infringes upon a constitutional right of an accused, or there is a need for the evidence that substantially outweighs the interest in protecting confidentiality.

    (c) The court may impose such sanctions as are necessary to enforce its order." (Emphasis added.) 735 ILCS 5/8-802.3 (West 2010).

¶ 13    Well-established principles guide us in resolving an issue of statutory construction. The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 173 (1998). To determine the legislature's intent, a court first should look to the statute's language and should accord the language its plain and commonly understood meaning. *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540, 554 (1998). The court must not read into the plain language exceptions, limitations, or conditions that the legislature did not express. The statute should be read as a whole and construed so that no word, phrase, or section is rendered meaningless or superfluous. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). An issue of statutory

construction is a question of law, to which we apply a *de novo* standard of review. *Brewer*, 183 Ill. 2d at 554.

¶ 14    The confidential informant's privilege applies where an individual submits to a law enforcement agency information concerning a criminal act and the individual requests anonymity. Here, the various court filings, the arguments of counsel, and the trial court's comments after its *in camera* review of the subpoenaed documents leave no doubt that those documents showed that an individual did submit to Department officials information concerning criminal activity. Further, in support of its motion to vacate, the Department submitted the affidavit of James Hollenbeck, a Department investigator who was assigned to investigate the alleged murder-for-hire plot. Hollenbeck averred that he spoke with the informant and that the informant stated that he wished his identity to remain confidential.

¶ 15    Assuming that the Department timely established that the confidential informant's identity is privileged, the answer to the first certified question turns on whether the exception contained in section 8-802.3(b) applies. For the exception to apply, the party seeking discovery must show that, *inter alia*, the identity of the confidential informant is sought "in a court proceeding involving a felony or misdemeanor." 735 ILCS 5/8-802.3(b)(1) (West 2010).

¶ 16    The Department argues that the exception does not compel disclosure because this court proceeding does not involve a felony or misdemeanor. We agree. Conspiracy to commit murder is a criminal offense only when charged in a criminal proceeding. The plain language chosen by the legislature limited the exception to those cases involving felonies or misdemeanors as opposed to any acts that could be categorized as criminal. To interpret this exception as applying to all civil cases where the plaintiff alleges a tortious act that could also be a criminal act would disregard the plain and ordinary meaning of the words in the statute.

¶ 17    Here, Mahoney's complaint alleged civil conspiracy to commit murder and commenced a civil tort action. This is not a criminal action involving a felony or misdemeanor, or even a civil action involving a felony or misdemeanor, *e.g.*, a *habeas corpus* petition or a petition seeking relief from judgment (735 ILCS 5/2-1401 (West 2010)), challenging a criminal defendant's conviction of a felony or misdemeanor.

¶ 18    The legislature's decision to limit the exception to those court proceedings involving felonies or misdemeanors is significant. "Actions for a crime and for a tort are separate and distinct from each other both with respect to the interests each addresses and the remedies each affords." *Department of Law Enforcement v. Willis*, 61 Ill. App. 3d 495, 498-99 (1978). A tort constitutes an invasion of a private interest for which the plaintiff seeks compensation for the damage he has personally suffered and a judgment to fairly allocate the loss. *Willis*, 61 Ill. App. 3d at 499. On the other hand, a crime is an invasion of the interests of the people as a whole, and a criminal prosecution acts to protect and vindicate the public interest and a judgment thereon functions to punish and rehabilitate the defender. *Willis*, 61 Ill. App. 3d at 499. By compelling disclosure only if the court proceeding involves a felony or misdemeanor, section 8-802.3(b) reflects the distinction between a tort and a crime and the principle that an informant's privilege is " 'arguably greater' " in a civil case than in a

criminal one. *Cochrane's of Champaign, Inc. v. Illinois Liquor Control Comm'n*, 285 Ill. App. 3d 28, 32 (1996) (quoting *Dole v. Local 1942*, 870 F.2d 368, 372 (7th Cir. 1989)). Mahoney's complaint sounds in tort and thus involves the invasion of a private interest, where the informant's privilege would be greater.

¶ 19    In view of the above discussion, we answer the first certified question in the affirmative, with a qualification. We hold that the proceeding on the civil complaint alleging conspiracy to commit murder does not involve a felony or misdemeanor, and therefore the exception to the confidential informant's privilege (see 735 ILCS 5/8-802.3(b) (West 2010)) does not compel disclosure of the informant's identity. Our answer that the statute *precludes* disclosure is qualified in that it assumes that the informant's privilege would otherwise apply based on evidence that the informant submitted to a law enforcement agency information concerning a criminal act and that the informant requested anonymity. See 735 ILCS 5/8-802.3(a) (West 2010). Whether the Department timely established that the informant's identity is privileged under section 8-802.3(a) is a factual question for the trial court. Having answered the first certified question in the affirmative, we need not address the second certified question. We emphasize that our analysis is limited to the certified question answered and does not otherwise address plaintiff's action.

¶ 20    First certified question answered; cause remanded.