WILLIE MAE SIMS, Plaintiff-Appellant, *v*. ALLEN SIMS, Defendant-Appellee.

(No. 58512; )

First District (2nd Division)—June 25, 1974.

Arthur K. Young and David Wandell, both of Legal Aid Bureau, of Chicago, for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

On 8 June 1972, plaintiff-appellant (hereinafter plaintiff) filed a verified application to sue as a poor person, pursuant to Supreme Court Rule 298 (Ill. Rev. Stat. 1971, ch. 110A, par. 298). On 14 June 1972, the application was granted pursuant to the discretion vested in the court under the provisions of the Act relating to costs (Ill. Rev. Stat. 1971, ch. 33, par. 5). Plaintiff was represented by private counsel who was an attorney-member of a law school legal aid bureau.

Pursuant to the granted application, on 28 June 1972 plaintiff filed a complaint for a divorce from her husband (defendant-appellee, hereinafter defendant) on the ground of desertion, which complaint was stamped "Pauper Suit." Summons was issued on 30 June 1972, and service was ultimately had by publication. On 2 October 1972, an order of default was entered for failure of defendant to appear, and the complaint stood as confessed.

On 9 November 1972, plaintiff filed a petition reciting the above facts and adding: (a) that the case had been heard on the regular call of default cases; (b) that plaintiff had proved the desertion, and that the

testimony had been recorded by an official court reporter; (c) that plaintiff was still a poor person and could not pay for the certified transcript of the evidence, which transcript was required, by Circuit Court Rules 12.4 and 15.6, to be presented together with the decree for divorce when the said decree was presented for the signature of the trial judge; (d) that, at the conclusion of the default hearing, plaintiff had asked the trial court to waive the requirement of the certified transcript; (e) that, together with the instant petition, plaintiff had offered a decree of divorce for the signature of the trial judge, unaccompanied by the certified transcript; (f) and that, by the instant petition, plaintiff asked that the trial court either waive the requirement of the certified transcript or order the circuit court clerk or the Administrative Office of the Illinois Courts to pay the costs of the certified transcript.

On the same day, the trial court entered its order finding that the official court reporter had taken and did preserve the record of the testimony at the default hearing; that at the time of the filing of the complaint for divorce, plaintiff was a poor person who had been granted leave to proceed as such pursuant to Supreme Court Rule 298; that plaintiff was still a poor person who had no funds with which to pay for the certified transcript required by Circuit Court Rules 12.4 and 15.6; that plaintiff had presented a petition to waive the required transcript, which petition had been denied; and that plaintiff had presented for the signature of the court a decree for divorce without the accompanying transcript. On the above findings, the court ordered that the testimony taken at the default hearing be stricken and that the case be dismissed for want of prosecution for the failure of plaintiff to present the required certified transcript.

On 11 January 1973, plaintiff mailed a copy of the notice of appeal to defendant at his last known address. No appearance has been filed by or on behalf of defendant in this court, nor has a brief been filed. We shall, however, dispose of this appeal on its merits.

Plaintiff makes three contentions on this appeal: 1) the Circuit Court Rules, as applied to require the presentation of the certified transcript by a poor person (proceeding with leave to sue for divorce as a poor person, and still being a poor person) at her own expense, are unconstitutional as so applied in that they constitute a denial of due process and equal protection of the law, both under the Constitution of the United States and under the Constitution of the State of Illinois; 2) the Circuit Court Rules, as so applied, are void in that they operate to impose a requirement greater than that imposed by the relevant State statute; 3) the said transcript is legally unnecessary to support the decree, and is not even a necessary part of the common law record.

■■ In the view which we take of this appeal, we find it unnecessary to

reach any of the plaintiff's three contentions. Circuit Court Rules 12.4 and 15.6 are designed reasonably to implement the requirement of section 8 of the Act relating to divorce (Ill. Rev. Stat. 1971, ch. 40, par. 9), that "in no case of default shall the court grant a divorce, unless the judge is satisfied * * * that the cause of divorce has been fully proven by reliable witnesses." Literally read, the said Rules are permissive in nature, and merely empower the trial court to dismiss the default divorce action, should the certified transcript not be presented. Hence, dismissal is left to the discretion of the trial court.

It is alleged in plaintiffs brief (pages 7 and 8) that the presiding judge of the divorce division had directed the judges in that division that the discretion was to be exercised by dismissing the default divorce action.

In our view, that directive, in the case of persons given leave to sue as a poor person, merely activates the following provision (ch. 33, par. 5):

> "If any court shall, befor [sic] or after the commencement of any suit, be satisfied that the plaintiff or defendant is a poor person, and unable to prosecute or defend suit and pay the costs *and expenses* thereof, the court may, in its discretion, permit him to commence and prosecute his action, or defend suit, as a poor person; and thereupon such person *shall have* all the necessary writs, process, appearances *and proceedings*, as in other cases, without fees or charges. * * *." (Emphasis ours.)

The trial judge must therefore order the Circuit Court Clerk to supply the required certified transcript to the plaintiff poor person without costs to that person.

■■ Therefore, we deny the relief sought by plaintiff in her notice of appeal (*i.e.*, the waiver of the requirement of the certified transcript). But the petition filed by plaintiff on 9 November 1972 and denied was not simply a petition asking waiver but was a petition seeking in the alternative either a waiver or the furnishing of the certified transcript without cost to plaintiff. We think that the alternative relief sought and denied must be granted under the above-quoted provision (ch. 33, par. 5).

For the foregoing reasons, we reverse the order dismissing the instant action for divorce and we remand the cause to the Circuit Court of Cook County, County Department, Divorce Division, with the direction that the trial judge order the circuit court clerk to furnish the certified transcript to plaintiff without cost to the plaintiff. As noted at the outset of this opinion, our disposition of this appeal makes it unnecessary for us to consider any of the contentions raised by plaintiff on this appeal.

Reversed and remanded with directions.

STAMOS and DOWNING, JJ., concur.