2026 IL App (3d) 250194

Opinion filed April 24, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| PAUL SUMMERS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellant, | ) | Will County. |
| | ) | |
| v. | ) | Appeal No. 3-25-0194 |
| | ) | Circuit No. 22-FA-357 |
| SARA CATLIN, | ) | |
| | ) | Honorable |
| Respondent-Appellee. | ) | Raymond A. Nash, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Holdridge and Bertani concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        The circuit court issued an allocation judgment involving the petitioner, Paul Summers, and the respondent, Sara Catlin. Summers filed a notice of appeal from the judgment. Subsequently, he requested a waiver from the cost of the transcripts he claimed were needed for his appeal, as he had previously been granted a full waiver of court fees pursuant to Illinois Supreme Court Rule 298 (eff. Sept. 1, 2023). The circuit court denied Summers's request and certified a question for this court regarding the scope of the waiver granted to Summers during the case. We granted Summers's request for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019) and now answer the certified question in the affirmative.

¶ 2                                    I. BACKGROUND

¶ 3        In June 2024, the circuit court issued an allocation judgment involving the parties and their minor child. Generally, the allocation judgment designated Catlin as the majority-time parent and granted Summers certain periods of parenting time.

¶ 4        Subsequently, Summers sought, and was granted, a full waiver of court fees pursuant to Illinois Supreme Court Rule 298 (eff. Sept. 1, 2023) because he was receiving means-based public benefits.

¶ 5        In January 2025, Summers filed a notice of appeal from numerous orders of the circuit court, including the June 2024 allocation judgment. He filed a request for preparation of the record on appeal but learned that the total cost of the transcripts would allegedly be $19,998.50. Accordingly, he filed a motion to request a waiver of the cost of those transcripts, citing the full fee waiver he had previously been granted.

¶ 6        The circuit court held a hearing on Summers's motion and issued a written order in March 2025. The court's order stated:

             "The Court *denies* the Petitioner's Motion to Request Waiver of Transcripts Needed for Appeal. The Court finds that, although the Petitioner was granted a fee waiver pursuant to Supreme Court Rule 298 on September 16, 2024, that 'fees, costs and charges' as listed in 735 ILCS 5/5-105(a)(1) does not include a waiver of court transcript fees.

             The Court distinguishes the instant matter from the 2nd District case, *In re Marriage of Main*, 2020 IL App (2d) 200131 for the following reasons:

             —The Appellant in *Main* unsuccessfully sought the services of a *pro bono* attorney; the Petitioner in this matter did not seek the services of a *pro bono* attorney.

—The Appellant in *Main* sought a transcript fee waiver under 735 ILCS 5/5-105 and 735 ILCS 5/5-105.5; the Petitioner in this matter seeks a waiver only under 735 ILCS 5/5-105

—The Illinois state legislature amended 735 ILCS 5/5-105 (Public Act 102-55 eff. 8-20-21) subsequent to *Main* but did not amend the section to include a waiver of transcript fees

The Court, on oral motion of the Petitioner and the Respondent, certifies the following question pursuant to Supreme Court Rule 308(a):

When a fee waiver has been granted to a litigant pursuant to Supreme Court Rule 298, does court costs, as defined in 735 ILCS 5/5-105, extend to the cost of transcripts?

The Court declines to certify a 2nd question, over Petitioner's objection, in regard to Court's authority to limit transcripts for the reasons stated in the record."

¶ 7     We granted Summers's application for leave to appeal pursuant to Rule 308.

¶ 8                                    II. ANALYSIS

¶ 9     On appeal, Summers argues that this court should answer the certified question in the affirmative, reverse the circuit court's order that denied his request for a waiver of the cost of transcripts, and remand the case with instructions for the circuit court to enter an order granting his waiver request for the transcripts necessary to his appeal.

¶ 10    It is of no consequence that Catlin has not filed a response brief in this appeal; we will address the certified question on its merits anyway. *In re Marriage of Main*, 2020 IL App (2d) 200131, ¶ 10.

¶ 11    Rule 308(a) provides that

3

"[w]hen the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." Ill. S. Ct. R. 308(a) (eff. Oct. 1, 2019).

While the scope of review in a Rule 308(a) appeal is generally limited to the certified question, the propriety of the underlying circuit court order may be reviewed as well if doing so is "in the best interests of judicial economy and the need to reach an equitable result." *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). However, we also recognize that Rule 308 "was not intended to be a mechanism for expedited review of an order that merely applies the law to the facts of a particular case." *In re Estate of Luccio*, 2012 IL App (1st) 121153, ¶ 17. We review certified questions *de novo. Moore v. Chicago Park District*, 2012 IL 112788, ¶ 9. Additionally, issues of statutory interpretation are reviewed *de novo. In re Marriage of Dynako*, 2021 IL 126835, ¶ 14. *De novo* review means we grant no deference to the circuit court's judgment (see *In re Estate of Boyar*, 2013 IL 113655, ¶ 27), which includes the reasons the circuit court employed to distinguish *Main* from the instant case.

¶ 12        The certified question at issue in this appeal is as follows: "When a fee waiver has been granted to a litigant pursuant to Supreme Court Rule 298, does court costs, as defined in 735 ILCS 5/5-105, extend to the cost of transcripts?"

4

¶ 13    In relevant part, Rule 298(a) provides that an indigent, self-represented defendant can apply "for waiver of court fees, costs, and charges in a civil action pursuant to 735 ILCS 5/5-105." Ill. S. Ct. R. 298(a) (eff. Sept. 1, 2023). Section 5-105(b)(1) of the Code provides that "[i]f the court finds that the applicant is an indigent person, the court shall grant the applicant a full fees, costs, and charges waiver entitling him or her to sue or defend the action without payment of any of the fees, costs, and charges." 735 ILCS 5/5-105(b)(1) (West 2024).

¶ 14    " 'Fees, costs, and charges' " are defined by section 5-105(a)(1), in relevant part, as "payments imposed on a party in connection with the prosecution or defense of a civil action, including, but not limited to *** all *** processes and procedures deemed by the court to be necessary to commence, prosecute, defend, or enforce relief in a civil action." *Id.* § 5-105(a)(1). It is this section that we must interpret to answer the question certified to us by the circuit court.

¶ 15    The Second District addressed this very question in *Main*. *Main*, 2020 IL App (2d) 200131, ¶ 25 (stating that "[w]e must determine whether court reporter fees for transcripts necessary to an appeal are included within the scope of [section 5-105(a)(1)]"). The *Main* court found section 5-105(a)(1) to be ambiguous, noting that "an appeal is a proceeding beyond the prosecution or defense of an action in circuit court, and it is doubtful whether an appeal comes within the scope of 'enforcing' civil relief," yet, at the same time, acknowledging that transcripts are a necessary part of a complete record that an appellant must provide to a reviewing court. *Id.* ¶¶ 28-30. Looking to other aids of construction beyond section 5-105(a)(1)'s plain language, the *Main* court sought to harmonize Rule 298 with section 5-105(a)(1), as well as section 5-105.5 (735 ILCS 5/5-105.5 (West 2024)), as that section addressed a relevant situation—namely, indigent defendants "represented in a civil action by a civil legal services provider or attorney in a court-sponsored pro bono program" (*id.* § 5-105.5(b)). *Main*, 2020 IL App (2d) 200131, ¶¶ 32-44.

5

¶ 16    Significantly, section 5-105(b) explicitly states that "all fees and costs relat[ed] to filing, appearing, transcripts on appeal, and service of process shall be waived" (735 ILCS 5/5-105.5(b) (West 2024)), whereas section 5-105 does not mention transcripts on appeal in any of its subsections (*id.* § 5-105). The *Main* court was aware of this difference (*Main*, 2020 IL App (2d) 200131, ¶ 23), but still concluded:

> "Nothing in this statutory scheme demonstrates any intent, by either the legislature or the supreme court, to treat *pro se* indigent litigants less favorably or even differently than those who are represented by [civil legal services providers] or *pro bono* attorneys. To the contrary, several provisions demonstrate an intent that the two groups of indigent litigants should receive the same benefits and the same access to the courts. For instance, section 5-105(h-5) provides that all costs that would be waived for indigent *pro se* litigants under section 5-105 should also be waived for indigent litigants represented by counsel under section 5-105.5. See 735 ILCS 5/5-105(h-5) (West 2018) (parties represented under section 5-105.5 may sue or defend without paying 'fees, costs, and charges,' as defined in section 5-105(a)(1)). Further, notwithstanding the slightly different description in section 5-105.5(b) of the charges that may be waived for indigent litigants represented by counsel, Rule 298(d) mandates that such litigants receive the same waiver of charges as *pro se* indigent litigants. See Ill. S. Ct. R. 298(d) (eff. July 1, 2019) (the charges that litigants represented under section 5-105.5 are freed from paying are those 'defined in 735 ILCS 5/5-105(a)(1)').
>
> In seeking to shed light on the scope of the fee waiver, we 'may also consider the reason for the statute, the problems it seeks to remedy, the purposes to be achieved, and the consequences of interpreting the statute one way or another.' [*Sperl v. Henry*], 2018 IL

6

123132, ¶ 23. Here, the purpose of these sources of law is to ensure that indigent litigants are able to proceed on the same footing as those with greater financial resources in asserting, defending, and enforcing their rights. In light of this purpose, we agree with the petitioner that it would be anomalous to allow indigent litigants represented by counsel under section 5-105.5 to receive without charge transcripts necessary for an appeal but flatly deny that same statutory benefit to *pro se* litigants who are equally impoverished.

Viewing the relevant laws and rules as a whole, the slightly different language used in section 5-105.5(b) cannot be seen as establishing better treatment for indigent litigants who are fortunate enough to have counsel. Rather, it must be seen as simply a newer and briefer rephrasing of the waivable charges set out in the original cost-waiver provision, section 5-105(a)(1). As such, it clarifies the legislature's intent that the charges waivable under section 5-105 include the cost of transcripts necessary for an appeal." *Id.* ¶¶ 38-40.

¶ 17    We agree with the Second District's analysis in *Main* and adopt it for purposes of this appeal. Accordingly, we conclude, as did the *Main* court, that "a self-represented litigant who has been granted a waiver of fees under section 5-105 is entitled to a waiver of transcript costs under Rule 298, which provides that waivable fees are those set out in section 5-105(a)(1)." *Id.* ¶ 46.

¶ 18    Lastly, we note, as the *Main* court did, that section 5-105(a)(1) limits the waiver of "fees, costs, and charges" to those "deemed by the court to be necessary." 735 ILCS 5/5-105(a)(1) (West 2024); *Main*, 2020 IL App (2d) 200131, ¶ 46. Accordingly, on remand, we direct the circuit court to review Summers's request for transcripts and determine which transcripts are in fact necessary for his appeal. *Main*, 2020 IL App (2d) 200131, ¶ 46 (noting that "necessary transcripts include those that are necessary to allow us to review the issues the litigant wishes to raise").

7

¶ 19                                    III. CONCLUSION

¶ 20        We answer the certified question of the circuit court of Will County in the affirmative and
remand the cause for further proceedings in which the circuit court is to (1) determine which
transcripts are necessary to Summers' appeal and (2) provide those transcripts to him without
charge and without delay.

¶ 21        Certified question answered; cause remanded with directions.

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 22-FA-357; the Hon. Raymond A. Nash, Judge, presiding. |
| **Attorneys for Appellant:** | Paul Summers, of Elwood, appellant *pro se*. |
| **Attorneys for Appellee:** | No brief filed for appellee. |