2021 IL 126835

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

—————————

(Docket No. 126835)

*In re* MARRIAGE OF BETSY DYNAKO, Appellee,
and STEPHEN DYNAKO, Appellant.

*Opinion filed November 18, 2021.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Neville, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1        The sole issue in this appeal is whether the maintenance obligation contained in the parties' marital settlement agreement was modifiable under section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/502(f) (West 2016)). The appellate court affirmed the Cook County circuit court's determination that it was not modifiable. 2020 IL App (1st) 192116, ¶ 34. For the

reasons that follow, we affirm the appellate court's judgment.

¶ 2                                    BACKGROUND

¶ 3       On March 20, 2015, petitioner Betsy Dynako filed a petition for dissolution of marriage from respondent Stephen Dynako. The parties married in 2000 and had no children.

¶ 4       On February 8, 2016, the circuit court entered judgment for dissolution of marriage, which incorporated a marital settlement agreement entered into by Stephen and Betsy. The agreement set forth maintenance obligations as follows:

> "STEPHEN agrees to pay BETSY for her maintenance the sum of $5,000.00 (Five Thousand Dollars) per month for FOUR YEARS (48 months). The first monthly payment of $5,000.00 shall be paid on the 25th day of the month immediately following the entry of this Judgment herein and a like monthly payment of $5,000.00 to be paid on the same day each succeeding month thereafter. STEPHEN shall continue to pay maintenance to BETSY for an additional FOUR YEARS (a total of 8 years of maintenance shall be paid-in-full) in decreasing amounts as follows:

> a) Year 5: $50,000 annually ($4,166 per month);

> b) Year 6: $40,000 annually ($3,333 per month);

> c) Year 7: $30,000 annually ($2,500 per month);

> d) Year 8: $20,000 annually ($1,666 per month).

> Said maintenance payments *shall be nonmodifiable pursuant to Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act*. STEPHEN shall make said payments to BETSY by depositing monies into the jointly held [bank] account ***." (Emphasis added.)

¶ 5       On December 20, 2018, Stephen filed a petition to modify the judgment for dissolution of marriage, seeking to terminate or modify his maintenance obligation. Stephen asserted that the maintenance obligation was not truly nonmodifiable under the agreement because it did not specifically provide, as required by the Marriage

Act, "that the non-modifiability applies to amount, duration, or both." He further asserted that a change in circumstances necessitated the modification because he had been without steady income for several years and his financial situation had significantly deteriorated.

¶ 6    In Stephen's affidavit, he averred that in 2014, he worked in banking, earning approximately $140,000 per year. He left that position in April 2015. Thereafter, he had earnings of less than $3000 in 2016 and 2017. Beginning in 2018, he contracted with a not-for-profit agency, earning $3000 per month. He also performed certain other projects that earned him a small amount of additional income. Stephen averred that he had been searching for a job in the financial sector that would provide him earnings equivalent to his former income but had so far been unsuccessful.

¶ 7    In response, Betsy argued that the terms of the maintenance obligation contained in the settlement agreement were expressly made nonmodifiable pursuant to section 502(f) of the Marriage Act. Betsy relied upon language in this section stating that "the parties may provide that maintenance is non-modifiable in amount, duration, or both. If the parties do not provide that maintenance is non-modifiable in amount, duration, or both, then those terms are modifiable upon a substantial change of circumstances." See 750 ILCS 5/502(f) (West 2016). Betsy asserted that Stephen's obligation could not be terminated or modified by the court due to his purported change of circumstances.

¶ 8    On July 25, 2019, the circuit court set a hearing on the limited question of whether the nonmodifiability provision of Stephen's maintenance obligation was enforceable. The circuit court ultimately found, pursuant to section 502(f), that it did not have the ability to modify Stephen's obligation to pay Betsy maintenance as specified in the settlement agreement.

¶ 9    The appellate court affirmed. 2020 IL App (1st) 192116, ¶ 35. The court held that the plain language of section 502(f) allows parties to make maintenance entirely nonmodifiable or to select a single aspect of the obligation, amount or duration, to make nonmodifiable. *Id.* ¶ 30. The court also found that the clear language contained in Stephen and Betsy's settlement agreement showed the parties intended to make the maintenance obligation nonmodifiable in both amount and duration. *Id.* ¶ 31. Consequently, the appellate court held that the circuit court

properly denied Stephen's motion to modify the court's judgment entered on February 8, 2016. *Id.* ¶ 34.

¶ 10    This court granted Stephen's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2020).

¶ 11                                    ANALYSIS

¶ 12    Stephen contends that the language in the marital settlement agreement was not sufficient to render his maintenance obligation to Betsy nonmodifiable under section 502(f) of the Marriage Act.

¶ 13    This argument requires us to interpret the applicable language in both the Marriage Act and the parties' settlement agreement.

¶ 14    Our framework is a familiar one. The fundamental rule of statutory construction is to ascertain and effectuate the legislature's intent. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 473 (2005). The plain language of the statute remains the best indication of that intent. *Id.* When the statutory language is clear and unambiguous, a court may not depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 12. As statutory interpretation presents a question of law, our standard of review is *de novo*. *Board of Education of the City of Chicago v. Moore*, 2021 IL 125785, ¶ 18.

¶ 15    A marital settlement agreement is construed in the same manner as any other contract. *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009). This court must therefore ascertain the parties' intent from the language of the agreement itself. *Id.* Contract interpretation is also a question of law, so our review proceeds *de novo*. *Id.*

¶ 16    Turning to the statutory language at issue, section 502(f) provides:

        "Agreement.

                                    * * *

- 4 -

(f) Child support, support of children as provided in Section 513 and 513.5 after the children attain majority, and parental responsibility allocation of children may be modified upon a showing of a substantial change in circumstances. The parties may provide that maintenance is non-modifiable in amount, duration, or both. If the parties do not provide that maintenance is non-modifiable in amount, duration, or both, then those terms are modifiable upon a substantial change of circumstances. Property provisions of an agreement are never modifiable. The judgment may expressly preclude or limit modification of other terms set forth in the judgment if the agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment." 750 ILCS 5/502(f) (West 2016).

¶ 17 Stephen and Betsy's marital settlement agreement provided the exact amount of maintenance to be paid to Betsy each year over an eight-year period and then stipulated:

"Said maintenance payments shall be nonmodifiable pursuant to Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act. STEPHEN shall make said payments to BETSY by depositing monies into the jointly held [bank] account ***."

¶ 18 Stephen contends that, under his agreement with Betsy, his maintenance obligation may be modified by the circuit court upon a showing of a substantial change of circumstances as provided by section 502(f). He asserts the plain language of this provision requires that, if the parties wish to make the maintenance obligation nonmodifiable, they must state that it is nonmodifiable in amount, duration, or both. If they do not, then it is modifiable. Stephen claims that this strict requirement offers "some safeguard against an unknowing, unintentional visitation of catastrophic consequences on the unwary party to a marital settlement agreement."

¶ 19 His argument, however, has absolutely no support in the language of section 502(f), and this court may not impose such a requirement if it is not found in the statute itself. As the appellate court correctly concluded, the plain language of section 502(f) provides that parties may agree (1) that maintenance is nonmodifiable in amount, (2) that maintenance is nonmodifiable in duration, or (3) that maintenance is nonmodifiable in both amount and duration. See 2020 IL

App (1st) 192116, ¶ 30. This provision allows parties to make maintenance entirely nonmodifiable or to select a single aspect of the obligation to make nonmodifiable. If a party to the dissolution does not agree that maintenance is nonmodifiable, either in whole or in part, then maintenance may be modified upon a showing of a substantial change of circumstances. *Id.*

¶ 20　　Here, the parties' marital settlement agreement, which was incorporated into the judgment for dissolution of marriage, provided a detailed maintenance payment schedule with the specific amounts owed to Betsy by Stephen, when those amounts were due, and the duration of the payments. The agreement then provided that "[s]aid maintenance payments shall be nonmodifiable pursuant to Section 502(f)." This language demonstrated the intent of the parties to make the obligation nonmodifiable. Not only did the agreement expressly provide that the obligation was nonmodifiable, but it specifically cited the applicable provision of the Marriage Act. Based upon the clear language of the settlement agreement, we find that the parties intended to make Stephen's maintenance obligation nonmodifiable in both amount and duration, and he cannot now avoid that obligation due to any showing of changed circumstances.

¶ 21　　　　　　　　　　　　　　　　CONCLUSION

¶ 22　　For the foregoing reasons, we affirm the appellate court's judgment, affirming the circuit court's denial of Stephen's petition to modify the judgment of dissolution of marriage by terminating or modifying his maintenance obligation.

¶ 23　　Judgments affirmed.