2022 IL App (1st) 200360-U

No. 1-20-0360

Order filed March 25, 2022

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| *In re* the Marriage of: | ) | |
| | ) | Appeal from the |
| TIM HORT, | ) | Circuit Court of |
| | ) | Cook County |
|     Petitioner-Appellant, | ) | |
| | ) | No. 14 D 01-0668 |
| v. | ) | |
| | ) | The Honorable |
| KIMBERLY HORT, | ) | Lori Rosen, |
| | ) | Judge Presiding. |
|     Respondent-Appellee. | ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justice Mikva concurred in the judgment.
Presiding Justice Pierce dissented.
.

**ORDER**

¶ 1    *Held:*  The circuit court erred in awarding respondent additional maintenance where the parties' martial settlement agreement excluded maintenance payments after the expiration of the unallocated support period.

¶ 2    Petitioner, Tim Hort, appeals from the circuit court's January 27, 2020, order awarding maintenance to Respondent, Kimberly Hort. On appeal, Tim contends that the circuit court erred in interpreting the parties' agreement when it found Kimberly did not waive her right to receive maintenance and did not give him credit for the unallocated support already paid. For the following reasons, we vacate the judgment of the circuit court and remand with directions.

¶ 3                                    BACKGROUND

¶ 4    The parties were married on September 23, 2006, and were registered in Cook County, Illinois. The marriage produced one biological child, M. H.

¶ 5    On November 24, 2014, Tim filed a petition for dissolution of marriage, equitable division of property, and joint custody and control over the care of M. H. On January 20, 2015, Kimberly filed her response and counter-petition for dissolution of marriage.

¶ 6    On August 23, 2016, Kimberly filed a petition for temporary maintenance and child support. On September 26, 2016, the circuit court entered an agreed order requiring Tim to pay Kimberly temporary maintenance at $1717 per month and child support at $844 per month. The agreed order also provided a payment schedule for other expenses.

¶ 7    On March 8, 2017, following an uncontested prove-up hearing, the circuit court entered a judgment for dissolution of marriage. The parties' marital settlement agreement ("the agreement") was incorporated into the judgment. Section 3.1 of the agreement stated:

> "Beginning on March 15, 2017, Tim shall pay unallocated support to Kimberly in the amount of $2,500 per month, for a term of 2 years and 8 months. During this period, child support shall be reserved. At the expiration of this period, the court may award child support until the emancipation of the parties' child."

¶ 8    Section 3.4 of the agreement stated:

> "The issue of Maintenance for Kim shall be reserved during the 2 year 8 month period that she shall be receiving Unallocated Support per paragraph 3.1 above. Once the Unallocated Support period expires, Kim agrees to waive the right to claim any future maintenance. Pursuant to Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/502), this waiver of maintenance is not subject to modification. Kimberly will never be able to come back to any court and petition for maintenance at a later date after the Unallocated Support period has expired."

¶ 9    On September 6, 2019, Tim filed a motion to modify unallocated support seeking termination of the unallocated support payments at the end of the unallocated support period on November 15, 2019. Tim argued that Kimberly waived any right to receive maintenance after the expiration of the unallocated support term, and thus, she should only be awarded child support going forward. Tim sought an order from the circuit court ordering payment of child support beginning on November 15, 2019.

¶ 10    On October 17, 2019, Kimberly filed a verified petition to set maintenance and child support. Kimberly noted that Tim was earning more than he did at the time of the judgment's entry. Kimberly sought an order of permanent, or in the alternative, reviewable, maintenance in accordance with section 504 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (750 ILCS 5/504 (West 2018)). Kimberly argued that she filed her petition prior to the expiration of the two-year eight month period, prior to any termination event. Kimberly requested an order increasing or maintaining the order of unallocated support as well as contribution from Tim for reasonable attorneys' fees.

¶ 11     On November 25, 2019, Tim filed a response to Kimberly's petition noting that Kimberly received maintenance in the form of unallocated support, and that she agreed to waive any future maintenance once the unallocated support term expired in November 2019. Tim argued that as of that date, he satisfied his obligation and there should be no additional maintenance. Tim further argued that Kimberly's petition for additional maintenance was filed in bad faith. Tim requested that the court set child support for M. H. and to award him attorney fees for responding to Kimberly's petition.

¶ 12     On January 27, 2020, after "reviewing the pleadings, responses, transcript, evidence and hearing testimony of the parties and argument of the attorneys," the circuit court entered a written order finding that the unallocated support was not deemed maintenance and that there should be no credit applied for the duration of unallocated support. The circuit court required Tim to pay Kimberly maintenance in the amount of $1194 per month, retroactive from November 15, 2019, and continuing through March 15, 2022. In the order, the circuit court stated that section 504 of the IMDMA provided for a maintenance award for 35.82 months, but in its discretion, it awarded a temporary credit of support paid from September 26, 2016, until March 15, 2017; this reduced the award to 28.2 months. The circuit court also ordered payment of child support for M. H. and held each party responsible for their own attorney fees in connection with their respective motions. No report of proceedings or bystander's report of the hearing appears in the record on appeal.

¶ 13     On February 19, 2020, Tim filed a timely notice of appeal.

¶ 14                                    ANALYSIS

¶ 15     On appeal, Tim contends that the circuit court should not have awarded maintenance to Kimberly in its January 27, 2020, order. Tim maintains that that the circuit court erred in finding that Kimberly did not waive her right to receive future maintenance under the agreement and

denying him credit for the unallocated support already paid. Tim further maintains that the terms of the agreement are not in dispute, asserting that Kimberly expressly waived her right to additional maintenance after the two-year, eight-month period of unallocated support ended and further that the agreement included a non-modification clause. Tim contends that Kimberly's petition was just a way for her to circumvent the parties' agreement.

¶ 16     Kimberly contends that Tim's failure to support the record with a report of a proceeding or bystander's report from the hearing that occurred on January 27, 2020, requires this court to affirm the judgment of the circuit court. Kimberly asserts that the circuit court did not err when it awarded her maintenance because section 3.4 of the agreement expressly states that she reserves the right to maintenance and that the court could modify the support obligation provided that a petition was filed, and no termination event had occurred.

¶ 17     First, we will address whether this court is required to affirm the judgment of the circuit court because Tim did not provide a full record. Indeed, Tim as the appellant, holds the burden of "presenting a sufficiently complete record of the proceedings at trial to support a claim of error." *Midstate Siding and Window Co., Inc. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Absent such a record on appeal, "the reviewing court will presume the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id*. However, the failure to present a report of proceedings does not require automatic dismissal or affirmance where the issues can be resolved on the record as it stands. *Marx Transport, Inc. v. Air Express International Corp.*, 379 Ill. App. 3d 849, 853 (2008). In this case, we are asked to determine whether the trial court erred in interpreting the parties' agreement, which is provided in the record. Additionally, a marital settlement agreement is construed in the same way as any other contract and involves a purely legal question, which we review *de novo*. *Blum v. Koster*, 235 Ill. 2d 21, 31 (2009). Accordingly,

as determining the intent of the parties at the time the marital settlement agreement was executed is purely a question of law, the absence of a report of proceedings does not bar review (*McNames v. Rockford Park District*, 185 Ill. App. 3d 291, 293 (1989)), and we will consider the merits of Tim's appeal.

¶ 18     As previously stated, a marital settlement agreement is construed in the manner of any other contract. "The court must ascertain the parties' intent from the language of the agreement." *In re Marriage of Doermer*, 2011 IL App (1st) 101567, ¶ 27. "When the terms of the marital settlement agreement are unambiguous, a reviewing court determines the parties' intent solely from the plain language of the agreement." *Id*. We review a circuit court's interpretation of a marital settlement *de novo. Id.*

¶ 19     In the case at bar, Section 3.4 of the marital settlement agreement clearly states that, "[t]he issue of Maintenance for Kim shall be reserved during the 2 year 8 month period that she shall be receiving Unallocated Support per paragraph 3.1 above. Once the Unallocated Support period expires, Kim agrees to waive the right to claim any future maintenance." This language is unambiguous, and it is clear that Kimberly would not receive maintenance while she received the unallocated support or after.

¶ 20     Our review of the record shows that the September 26, 2016, temporary order required Tim to pay both, maintenance of $1717 and child support of $844 on a monthly basis, totaling $2561. The unallocated support amount, entered on March 8, 2017, was $2500 which we believe suggests that, consistent with the 2016 order, the unallocated support was comprised of both, maintenance and child support. Additional evidence lies in the fact that the circuit court gave Tim credit for paying maintenance from September 26, 2016, through March 15, 2017. Accordingly, we find it to have been error not to extend that credit to November 15, 2019, when the payments terminated.

¶ 21    Further, Kimberly agreed to waive maintenance upon the termination of unallocated support. In fact, section 3.4 provided, "this waiver of maintenance is not subject to modification," which further demonstrated the parties' intent to limit maintenance to that which was outlined in the agreement. See *In re Marriage of Kozloff*, 101 Ill. 2d 526, 533-34 (1984) (the denial of a petition to modify is proper when a clause prohibiting modification is included in marital agreement). See also *In re Marriage of Dynako*, 2021 IL 126835, ¶ 20 (when the parties expressly provided in their agreement that the maintenance obligation was nonmodifiable, denial of a petition to modify is proper).

¶ 22    Although Kimberly attempts to argue that section 3.4 provided that she could petition for future maintenance as long as she did so prior to the designated expiration date,  this is simply not what the plain language of the agreement states. The parties included specific language regarding additional child support after the expiration of unallocated support but made no such provision for maintenance. Section 3.1 states, "[a]t the expiration of this period, the court may award child support until the emancipation of the parties' child." We find that the parties' omission of maintenance from this provision was intentional and thus will be upheld.

¶ 23    In summary, we find the circuit court erred in interpreting the parties' agreement. Kimberly was not entitled to a modification of the marital settlement agreement to extend maintenance payments beyond November 2019.  Any modification of maintenance or unallocated support would be limited to the period beginning with the date of filing her motion until the termination date of November 2019.

¶ 24                                CONCLUSION

¶ 25    Based on the forgoing, we vacate the circuit court of Cook County's January 27, 2020, order. We find that maintenance was included in the unallocated support and that the circuit court

erred in awarding Kimberly additional maintenance from November 15, 2019, through March 15, 2022. We further find that the Tim's unallocated support obligation ended on November 15, 2019. We remand this cause to the circuit court to enter an order consistent with these findings.

¶ 26    Vacated and remanded with directions.

¶ 27    PRESIDING JUSTICE PIERCE, dissenting.

¶ 28    I dissent from the majority's finding that the marital settlement is unambiguous on the issue of maintenance, and I disagree that the record before us provides a sufficient basis to overturn the circuit court's award of maintenance to Kimberly because there is no such record before us. Tim has failed to attach a bystander's report of the hearing conducted by the circuit court to obtain parol evidence of the parties' intentions in reaching the ambiguous marriage settlement agreement. In short, Tim has failed to furnish a record in support of his appeal and the circuit court's judgment cannot be reversed because of this flagrant deficiency.

¶ 29    "An ambiguity exists where the language of an agreement is susceptible to more than one reasonable interpretation." *In re Marriage of Farrell & Howe*, 2017 IL App (1st) 170611, ¶ 12. If the agreement is ambiguous, the court may hear parol evidence to determine the parties' intent. *In re Marriage of Shulga*, 2019 IL App (1st) 182028, ¶ 23.

¶ 30    Here, the parties propose two different, yet equally reasonable interpretations of section 3.4. Tim argues that Kimberly waived the right to future maintenance *payments* after the unallocated support period terminated, while Kimberly argues that she waived the right to *claim* future maintenance after the termination date, and as long as she petitioned for future maintenance before the termination date an award of future maintenance was allowed. The ambiguity in the parties' agreement was sufficient for the circuit court to hold a hearing and consider parol evidence to determine the intention of the parties and, on appeal, requires us to look to the parol evidence

presented to and considered by the circuit court to determine whether the circuit court's finding was correct. But Tim's failure to provide this court with a complete record on appeal hinders meaningful review of this issue and requires the affirmance of the circuit court judgment.

¶ 31    As the appellant, Tim "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391–92 (1984). Tim has failed to meet this burden. In its written order, the circuit court stated that the maintenance award was based on the pleadings, responses, transcript, evidence and hearing testimony of the parties, and argument of the attorneys. This evidence and hearing testimony of the parties is not available to this court because of Tim's failure to provide it. This evidence is critical to resolving the ambiguity presented by the language of the parties' agreement. Without it, we must resolve any doubts arising from the incompleteness of the record against Tim. *Id.* As such, we are compelled to presume the circuit court ruled in conformity with the law and that its judgment is not against the manifest weight of the evidence. *In re Marriage of Brill*, 2017 IL App (2d) 160604. Nevertheless, without the benefit of all the evidence considered by the circuit court, the majority finds that there is other sufficient evidence in the record to support Tim's interpretation of the agreement.

¶ 32    It is presumed that maintenance is modifiable absent express agreement to the contrary. "[T]he intent of the parties to preclude or limit modification or termination of maintenance must be *clearly manifested* in their agreement." (Emphasis in original). *In re Marriage of Brent*, 263 Ill. App. 3d 916, 923 (1994)). "[W]here the language utilized by the parties is not an express preclusion of modification, the court retains its authority to modify maintenance." *Id.* at 925. In

such cases, "it is error to hold the maintenance nonmodifiable." *In re Marriage of Scott*, 205 Ill. App. 3d 561, 565 (1990).

¶ 33    The majority finds that in section 3.4, the parties agreed that Kimberly would not receive maintenance during or after the unallocated support period (¶ 19). This is not correct. The issue of maintenance was "reserved" for the duration of the unallocated support period. "Reserv[ing]" maintenance does not indicate an intention to prohibit any future award of maintenance or an intention to prohibit Kimberly from making a claim for maintenance during the unallocated support period. If anything, reserving maintenance indicates the possibility that maintenance may at some time in the future be something she would be entitled to and that she could attempt to receive.    The circuit court, after considering parol evidence, determined the agreement was ambiguous, clarified the agreement and found that the parties intended that Kimberly was entitled to a maintenance award because she filed a timely petition.

¶ 34    The majority also relies on the provision that "this waiver of maintenance is not subject to modification," to support its finding that the agreement unambiguously prohibited an award of maintenance to Kimberly. But the majority does not explain how this limitation to making a claim for maintenance only occurred "once the Unallocated Support period expires ***." This narrow, conditional limitation is expressed again in section 3.4 where it states that "Kimberly will never be able to come back to any court and petition for maintenance at a later date *after the Unallocated Support period has expired*." (Emphasis added.) If, as the majority finds, under the agreement Kimberly was never entitled to maintenance there would be no need to prohibit her from petitioning for maintenance after the unallocated support period expired.

¶ 35    Tim admits in his opening brief that "Kimberly agreed that following the expiration of her unallocated support period, *her ability to request maintenance would terminate* and she would be

barred from asking for additional maintenance." (Emphasis added.) If Kimberly's "ability to request maintenance" ended after the unallocated support period, her ability to request maintenance must have existed before that time. The term in section 3.4 stating "Kimberly will never be able to come back to any court petition for maintenance at a later date after the Unallocated Support period has expired" is further indication that she could "come back to court" and petition for maintenance any time before the unallocated support period ended: if she could not come back to petition for maintenance after the unallocated support period, she must have had the right to petition for maintenance before that time.

¶ 36    The majority notes that section 3.1 of the agreement expressly contemplates an award of child support after the expiration of the unallocated support period. The majority finds that the lack of a similar provision for maintenance means that the parties intended to prohibit a future maintenance award. I disagree. The absence of a similar term in section 3.4 does not unambiguously communicate the parties' intentions for a future maintenance award nor does it clearly manifest a desire to prohibit such an award. The circuit court retains the authority to modify maintenance unless the parties, by agreement, clearly manifest their intention to preclude an award of maintenance. This omission is not a clear manifestation of the parties' intention to deviate from the default and the circuit court was correct in finding an ambiguity and resolving that ambiguity with the consideration of parol evidence.

¶ 37    The majority cites to *In re Marriage of Kozloff*, 101 Ill. 2d at 533–34, and *In re Marriage of Dynako*, 2021 IL 126835, for the proposition that maintenance is not modifiable where a marital settlement agreement clearly provides otherwise. These cases are inapposite because the marital settlement is not clear in this case: it is ambiguous. Further, neither *Dynako* nor *Kozloff* discussed marital settlement agreements that "reserved" the issue of maintenance, as here. Unlike in *Dynako*

or *Kozloff*, there is no controversy regarding the obligation to modify an existing, agreed-upon maintenance award.

¶ 38    Section 3.4 allowed Kimberly to make a claim for future maintenance during the unallocated support period, and she did. The circuit court did not err in finding the agreement ambiguous and thereafter considering parol evidence to resolve this claim. Because Tim has failed to present an adequate record of the circuit court proceeding underlying the complained of judgement, the judgment of the circuit court should be affirmed. For the foregoing reasons, I would find that the circuit court did not err in awarding Kimberly maintenance. Therefore, I respectfully dissent.